UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THE SCHOOL DISTRICT OF THE CITY OF
NIAGARA FALLS, NEW YORK,

                          Plaintiff,

    v.                                      **DECISION AND ORDER**
                                                  08-CV-020S

CROSSPOINTE, LLC,

                          Defendant.

      1.      Defendant and counter-claimant, CrossPointe, LLC ("CrossPointe"), presently moves for reconsideration of this Court's December 14, 2011 Decision and Order (Docket No. 54), whereby this Court granted in part and denied in part CrossPointe's motion for summary judgment. Specifically, CrossPointe seeks reconsideration and ultimately reversal of this Court's ruling that Plaintiff, the School District of the City of Niagara Falls ("Niagara Falls" or the "District"), may recover money damages that were eventually reimbursed by the Ulster County Board of Cooperative Educational Services ("BOCES").

      2.      This Court will assume the parties' familiarity with the factual background. It is sufficient to note here that Niagara Falls and CrossPointe entered into an agreement in which Crosspointe was to provide certain upgrades to Niagara Falls' technology systems. (Def.'s Stmnt. of Facts, ¶ 11; Docket No. 33.) The District eventually paid CrossPointe a total of $1,347,000 for its services. (Stipulation, Docket No. 33-11.) BOCES reimbursed Niagara Falls for approximately 83 percent of the purchase price, or $1,118,010. (Id.) The installation of the software, however, did not go as planned, prompting Niagara to bring this action for breach of contract.

      3.      CrossPointe moves for reconsideration under Fed. R. Civ. P. 59(e). Such a a motion is appropriate when the moving party believes that the court overlooked important

"matters or controlling decisions" that would have influenced the prior decision. Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999). District courts may also alter or amend judgment "to correct a clear error of law or prevent manifest injustice." Munafo v. Metro. Transp. Auth., 381 F.3d 99, 105 (2d Cir. 2004). Reconsideration, however, is not a proper tool to repackage and relitigate arguments and issues already considered by the court in deciding the original motion. See United States v. Gross, No. 98–CR–0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002). Nor is it proper to raise new arguments and issues. See Lehmuller v. Inc. Vill. of Sag Harbor, 982 F. Supp. 132, 135 (E.D.N.Y. 1997). Relief under this provision lies within the sound discretion of the court. Schwartz v. Liberty Mut. Ins. Co., 539 F.3d 135, 150 (2d Cir. 2008).

4.     As it did in its motion for summary judgment, CrossPointe now seeks to limit Niagara Falls' damages to its expenses calculated after the BOCES reimbursement. It argues that this Court misapplied principles of contract law in finding that the District was able to seek recovery for the full amount it paid CrossPointe pursuant to their agreement.

5.     Crosspointe initially takes issue with this Court's reference, in its previous Decision, to the collateral source rule and New York's statutory exception to that rule: CPLR § 4545. CrossPointe states, "[a]lthough neither CrossPointe nor Niagara relied upon CPLR § 4545 in their respective motion papers, the Court held that because CPLR § 4545 does not apply to this case[,] the reimbursement paid to Niagara by BOCES could 'not diminish CrossPointe's liability.'" (Memorandum of Law in Support of Reconsideration, p. 3.) CrossPointe argues that because this is a tort action, neither the collateral source rule nor its exception (CPLR § 4545) apply.

6.     But CrossPointe misunderstands this Court's previous ruling. It is beyond dispute that CPLR § 4545 and the collateral-source rule apply only in tort actions. That

provision was addressed because the only two cases cited by CrossPointe, <u>Mistretta v. Guevarez</u>, 15 Misc. 3d 1129(A), 841 N.Y.S.2d 219 (N.Y. Sup. 2007) (Table) and <u>Kearney v. Fahey</u>, 3 Misc. 3d 131(A), 787 N.Y.S.2d 678 (N.Y. Sup. App. Term 2004) (Table), were tort cases. CrossPointe cited these cases to support its position that damages should be deducted if the plaintiff is reimbursed from a collateral source. This Court noted that while that is true under CPLR § 4545, that provision "is inapplicable in this contract action." (Decision and Order, 14.) Ironically, CrossPointe now seeks to find fault with this Court's ruling by pointing out the distinction between tort and contract actions, which it, itself, blurred in its supporting memorandum. Such a distinction was not and is lost on this Court and it did not suggest that because § 4545 did not apply, the collateral-source rule did. Accordingly, CrossPointe's motion on this ground is denied.

7.   This Court did hold that Niagara Falls' damages are not limited to payments that were not reimbursed by BOCES. Crosspointe argues this was in error because only the lesser, non-reimbursed amount – $228,900 – would put Niagara Falls in "the same economic position as it would have been in had [Crosspointe] fulfilled the contract." <u>See Indu Craft Inc. v. Bank of Baroda</u>, 47 F.3d 490, 495 (2d Cir. 1995). It argues that an award of the full amount would put Niagara Falls in a better economic position. But to put Niagara Falls in the "same economic position," or to make them whole for moneys lost as a result of the breach, damages must be calculated based on the full amount that Niagara Falls paid CrossPointe, regardless of the fact that some of those payments were later reimbursed by BOCES.[1] <u>Accord</u> <u>ADM Investor Servs., Inc. v. Collins</u>, 515 F.3d 753, 755

---

[1] Both BOCES and Niagara Falls are parties to the agreement with CrossPointe. But BOCES made no payments to CrossPointe and CrossPointe does not argue that BOCES is the party that can bring a claim for the $1,118,010. Indeed, because BOCES did not make any payments to CrossPointe, it suffered no loss as a result of the breach.

(7th Cir. 2008) ("That a third party reimburses part of a loss does not disable the injured person from recovering under tort or contract law. . . . How [the plaintiff] and [the third party] settle accounts between themselves is none of [the defendant's] business.").

8. <u>Inchaustegui v. 666 5th Ave., Ltd. Partnership</u>, relied by CrossPointe, does not compel a different result. 96 N.Y.2d 111, 749 N.E.2d 196, 725 N.Y.S.2d 627 (2001). There, the New York Court of Appeals found that the plaintiff was unable to recover the full amount of his damages when defendant breached an agreement to procure insurance because those damages were partially covered by the plaintiff's own insurance policy. <u>Id.</u> at 114-15. Instead, he was limited to his out-of-pocket expenses. <u>Id.</u> But "<u>Inchaustegui</u> is limited in its application to those cases where a party 'has obtained its own insurance.'" <u>Murray v. N.Y.C. Transit Auth.</u>, 20 Misc. 3d 5, 862 N.Y.S.2d 706 (N.Y. Sup. App. Term 2008) (quoting <u>Inchaustegui</u>, 96 N.Y.2d at 114). In other words, <u>Inchaustegui</u> is inapplicable because Niagara Falls' losses were not covered by an insurance policy. <u>See, e.g.</u>, <u>515 Ave. I Corp. v. 515 Ave. I Tenants Corp.</u>, 29 Misc.3d 1228(A), 920 N.Y.S.2d 240 (N.Y. Sup. Ct. 2010) (Table) ("<u>Inchaustegui</u> has not been applied in any published decision in any context other than breach of an insurance provision"); <u>Am. Ref-Fuel Co. of Hempstead v. Res. Recycling, Inc.</u>, 307 A.D.2d 939, 942, 763 N.Y.S.2d 657 (2d Dep't 2003) (limiting <u>Inchaustegui</u> to the narrow question presented in that case).

CrossPointe cites no cases outside of the insurance context where a plaintiff's damages were limited because the plaintiff was later reimbursed by a third party, and this Court finds no reason to so hold now.

9. Accordingly, CrossPointe's motion for reconsideration is denied.

\*\*\*\*

4

IT HEREBY IS ORDERED, that Defendant's Motion for Reconsideration (Docket No. 56) is DENIED.

SO ORDERED.


Dated: April_3, 2012
      Buffalo, New York

                                            /s/William M. Skretny
                                            WILLIAM M. SKRETNY
                                                  Chief Judge
                                        United States District Court